119 N.J. Super. 91 (1972)
290 A.2d 298
FREEDOM FINANCE CO., INC., A CORPORATION OF THE STATE OF NEW YORK, PLAINTIFF-APPELLANT,
v.
DONALD BERRY AND ESTHER BERRY, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued April 10, 1972.
Decided April 27, 1972.
*92 Before Judges SULLIVAN, LEONARD and CARTON.
Mr. John S. Giava argued the cause for appellant.
Mr. Peter M. Siegel, Administrator, Middlesex County Legal Services, argued the cause for respondents (Middlesex County Legal Services, attorney).
PER CURIAM.
Plaintiff, a small loan company, obtained a default judgment in the Civil Court of the City of New York against defendants on a renewal note. Plaintiff then brought suit in New Jersey on the New York judgment. The trial court refused to accord full faith and credit to the New York judgment and granted defendants' summary judgment motion, holding that the New York court had not acquired jurisdiction over defendants.
It appears that defendants Berry originally traveled to Newark in March 1965 in search of a loan in response to an advertisement of some kind. At the ABC Brokerage Company in Newark they filled out a loan application and were required to obtain a cosigner. They were driven to plaintiff's office in Staten Island by an ABC employee. Plaintiff accepted their application and issued a check to them, in consideration of which they executed a $966.48 note providing for repayment of the loan over a 24-month period in monthly installments of $40.27. Payments were to be made at Freedom's Staten Island office. In April 1966 defendants owed $818.08. The affidavit of Donald Berry is to the effect that he received a letter at that time suggesting a renewal *93 loan. In accordance therewith, defendants signed a short-form letter and mailed it, along with a renewal note in the amount of $971.66, to Freedom. The Berrys received a check for $800 from Freedom.
It thus appears that defendants went only once to New York in connection with the original transaction and did not go there at all in connection with the renewal note which formed the basis of the default judgment. We conclude that the trial court properly held that the Civil Court of the City of New York did not acquire long-arm jurisdiction over defendants. Merely providing for payments to be made in New York did not constitute transacting business so as to provide a basis for jurisdiction pursuant to the New York Long Arm Statute. New York Civil Practice Law and Rules, § 302; Hubbard, Westervelt & Motteley, Inc. v. Harsh Bldg. Co., 28 A.D.2d 295, 284 N.Y.S.2d 879 (App. Div. 1967). Nor should the mere fact that the Berrys picked up the check in Staten Island in connection with the original loan, after having already completed their application in New Jersey, subject them to jurisdiction in the action on the renewal note.
Affirmed.